UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22933-CIV-MORENO

JIMMY STUAR DIAZ DEL CID,

    Petitioner,

vs.

WILLIAM BARR, United States Attorney General, et al.,

    Respondents.
_____/

## ORDER DENYING EMERGENCY MOTION FOR STAY OF REMOVAL AND DISMISSING CASE FOR LACK OF JURISDICTION

THIS CAUSE came before the Court upon Petitioner's Motion for Emergency Stay of Removal, filed on **July 16, 2019**. The Court has considered the motion, the response in opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is DENIED. The Court ultimately lacks subject matter jurisdiction to entertain the substance of Petitioner's claims. Accordingly, the case is DISMISSED.

## I. BACKGROUND

Petitioner Jimmy Stuar Diaz Del Cid is a native and citizen of Guatemala. In March 2019, he entered the United States near Hidalgo, Texas without authorization, and, approximately one hour after, was apprehended by Border Patrol. Petitioner was ordered expeditiously removed by the Department of Homeland Security pursuant section 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1).[1] Before the Department of Homeland Security could

---

[1] From this point onward, the Court will refer to provisions of the Immigration and Nationality Act by their location in the United States Code.

remove him, Petitioner expressed a fear of persecution if returned to Guatemala, and was thus referred to a credible fear interview at the Krome Service Processing Center in Miami, Florida.

On April 25, 2019, an Asylum Officer interviewed Petitioner about his claim of persecution. Four days later, the officer found that Petitioner had not established a fear of credible persecution. On May 1, 2019, the Supervisory Asylum Officer signed the Record of Determination/Credible Fear Worksheet, and Petitioner then requested a review of the determination by an Immigration Judge. The review by the Immigration Judge was not scheduled to take place until May 13, 2019, twelve days after approval of the credible fear determination by the Supervisory Asylum Officer. On May 9, 2019, Petitioner filed a brief with the Executive Office of Immigration Review arguing that, due to the untimeliness of the review hearing, the Immigration Judge would lack jurisdiction to review the credible fear finding. Petitioner wrote that pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(III) and 8 C.F.R. § 1003.42(e), the hearing should have been scheduled within seven days of the Supervisory Asylum Officer's approval of the credible fear determination—not twelve days. Petitioner then cited to the relevant statute, which states: "The Immigration Judge shall conclude the review to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date the supervisory asylum officer has approved the asylum officer's negative credible fear determination issued on Form I–869, Record of Negative Credible Fear Finding and Request for Review." 8 C.F.R. § 1003.42(e).

As scheduled, Petitioner appeared before the Immigration Judge on May 13, 2019, who agreed that the hearing was untimely and that the judge lacked jurisdiction over the proceedings. One day later, the Miami Asylum Office re-dated Petitioner's credible fear worksheet. On May 17, 2019, the Immigration Judge, asserting jurisdiction, conducted a *de novo* review hearing of Petitioner's negative credible fear determination, and affirmed the determination. On May 24,

2019, Petitioner filed a complaint for injunctive, declaratory, and mandamus relief in this district, which was dismissed that same day for lack of subject matter jurisdiction. One month later, the Board of Immigration Appeals rejected Petitioner's appeal of that decision for lack of authority.

Now, Petitioner files a petition for writ of habeas corpus in a final effort to argue that the Immigration Judge unlawfully asserted jurisdiction the second time he reviewed the credible fear determination, sixteen days after the Supervisory Asylum Officer originally signed and dated the credible fear worksheet. As a result, Petitioner contends that the order for expedited removal should be vacated and he be granted a new, meaningful opportunity to apply for asylum.

## II. ANALYSIS

### A. This Court Lacks Subject Matter Jurisdiction to Stay Petitioner's Removal

Petitioner raises four claims in his habeas petition: (1) violation of the Suspension Clause by Congress's enactment of 8 U.S.C. § 1252(e)(2), (2) denial of due process, (3) violation of the Administrative Procedure Act by the Miami Asylum Office, and (4) violation of the Administrative Procedure Act by the Immigration Judge. He seeks interim injunctive relief in the form of a stay of removal, taking issue with the manner in which the Supervisory Asylum Officer re-dated the credible fear worksheet, and in which the negative credible fear finding was reviewed by the Immigration Judge. The Government, in response, argues that the Court lacks subject matter jurisdiction to entertain Petitioner's case, and that, in any event, all of the claims fail on the merits.

Upon review, the Court agrees with the Government and finds that it lacks jurisdiction to adjudicate the merits of this case. Petitioner, as both parties agree, is the subject of an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). Relevant here, judicial review of such an order is governed by 8 U.S.C. § 1252. "This statute narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1)." *Castro v. U.S. Dep't of Homeland*

*Sec.*, 835 F.3d 422, 426 (3d Cir. 2016). The statute provides that, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . the application of [§ 1225(b)(1)] to individual aliens, including the [credible fear] determination made under [§ 1225(b)(1)(B)]." 8 U.S.C. § 1252(a)(2)(A)(iii). The statute does allow for judicial review of determinations made under section 1225(b)(1), but states that such review "shall be limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum . . . ." *Id.* § 1252(e)(2).

The Government contends that "[u]nder the limited scope of habeas review granted to this Court by Congress in section 1252(e)(2)(A)-(C) , [Petitioner's] habeas should be denied." The Court ultimately agrees that the jurisdiction-stripping provision of section 1252(e)(2) forecloses review of his petition. Petitioner takes issue with the untimely nature of the credible fear review by the Immigration Judge, arguing that the Miami Asylum Office violated his due process rights when, on May 14, 2019, the Supervisory Asylum Officer merely re-dated the Record of Determination/Credible Fear Worksheet instead of holding an entirely new hearing. But, nowhere in section 1252(e)(2) may Petitioner actually appeal such an alleged procedural error. In fact, and as the Government notes, Petitioner admits he is an alien, was ordered removed under section 1225(b)(1), and has made no claim that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. Accordingly, section 1225(a)(2)(A)(iii) applies to foreclose Petitioner's claims: "no court shall have jurisdiction to review . . . the application of [section 1225(b)(1)] to individual aliens, including the [credible fear] determination made under [section 1225(b)(1)(B)]." 8 U.S.C. § 1252(a)(2)(A)(iii).

Moreover, as noted above, section 1252(e)(5) provides that "[i]n determining whether an

alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). Petitioner, again, admits he is an alien, and has no documents that demonstrate he is lawfully allowed in the United States. Thus, in accordance with the plain language of the above cited statutes, the Court cannot entertain Petitioner's habeas petition. *See Castro*, 835 F.3d at 429-34 (holding, in a similar case, that the district court did not err in finding it lacked jurisdiction under sections 1252(e)(2) & (5) to review petitioners' habeas claims with regard to procedural irregularities made in connection with negative credible fear determinations).

Next, Petitioner argues in count one that the narrow scope of habeas review provided by section 1252(e)(2) is unconstitutional because it violates the Suspension Clause of the United States Constitution. That clause states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. 1, § 9, cl. 2. However, section 1252(e)(2) does not violate the clause in so far as the facts of this case are concerned.[2] As the Third District wrote in *Castro*, "Congress may . . . deny habeas review in federal court of claims relating to an alien's application for admission to the country, at least as to aliens who have been denied initial entry or who, like Petitioner[], w[as] apprehended very near the border and, essentially, immediately after surreptitious entry into the country." *Castro*, 835 F.3d at 434. As *Castro* noted, the Supreme Court "has unequivocally

---

[2] To determine whether a jurisdiction-stripping statute violates the Suspension Clause, the Court proceeds through the two-step analysis that the Supreme Court announced in *Boumediene v. Bush*, 553 U.S. 723 (2008). The Court first determines "whether a given habeas petitioner is prohibited from invoking the Suspension Clause due to some attribute of the petitioner or to the circumstances surrounding his arrest or detention." *Castro*, 835 F.3d at 445 (citing *Boumediene*, 553 U.S. at 739). Then, if the petitioner is not prohibited from invoking the clause, the Court "turn[s] to the question whether the substitute for habeas is adequate and effective to test the legality of the petitioner's detention (or removal)." *Id.* at 445 (citing *Boumediene*, 553 U.S. at 739). As explained herein, the Court's analysis begins and ends at the first step—since Petitioner was apprehended within an hour of entry into the United States.

concluded that 'an alien seeking *initial admission* to the United States requests a privilege and has no constitutional rights regarding his application.'" *Id.* at 445 (emphasis added) (quoting *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)). Here, like in *Castro*, Petitioner was apprehended shortly after unlawfully entering the United States (within an hour), and so is like an alien seeking initial admission. Accordingly, Petitioner has no constitutional rights except those prescribed by Congress. *See also Osorio-Martinez v. U.S. Att'y Gen.*, 893 F.3d 153, 175 (3d Cir. 2018) (reapproving the central holding of *Castro* that "aliens seeking initial admission to the country," which means those aliens being detained "within hours of entering the country," do not have a claim to constitutional rights pursuant to the jurisdiction-stripping provision of section 1252(e)(2)).

### B. Notwithstanding This Court's Lack of Jurisdiction, Petitioner Does Not Meet His Burden for a Preliminary Injunction for Counts Two, Three, and Four

Assuming arguendo that this Court has subject matter jurisdiction—which it does not—this Court may issue a preliminary injunction only if Petitioner can demonstrate: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to Petitioner outweighs whatever damage the proposed injunction may cause the Government; and (4) if issued, the injunction would not be adverse to the public interest. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). "A preliminary injunction is, however, 'an extraordinary and drastic remedy not to be granted unless the [Petitioner] "clearly carries the burden of persuasion" as to the four prerequisites.'" *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304 (S.D. Fla. 2018) (alteration in original) (quoting *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985)).

Petitioner's claims in counts two through four do not have a substantial likelihood of success on the merits. In count two, Petitioner argues he was denied due process when the Immigration Judge asserted jurisdiction on May 17, 2019 and held a new credible fear

6

determination review hearing. "In order to establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1222 (11th Cir. 2003) (citations omitted). To show substantial prejudice, the petitioner must show the alleged due process violation would have affected the outcome of the case. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003). Here, Petitioner fails to meet this cardinal requirement, as he offers no evidence to suggest that the outcome of the Immigration Judge's review hearing would have been different had the new hearing occurred within seven days of the Supervisory Asylum Officer's original negative credible fear determination, rather than sixteen. The Immigration Judge, as Petitioner recognizes, still conducted a *de novo* review hearing, which by definition means he reviewed the officer's determination without deference. Because Petitioner cannot demonstrate substantial prejudice, he is not likely to prevail on his due process claim.

Neither is Petitioner likely to succeed on his Administrative Procedure Act claims. In count three, Petitioner challenges the Miami Asylum Office's decision to change the date that the Supervisory Asylum Officer reviewed the negative credible fear determination, from May 1 to May 14, 2019. In count four, Petitioner challenges the Immigration Judge's decision to accept jurisdiction when he conducted a new review hearing on May 17, 2019. Even assuming these complained of actions are "agency actions" subject to judicial review,[3] the standard for such review under 5 U.S.C. § 706 is "exceedingly deferential." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quoting *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996)). "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

---

[3] 5 U.S.C. § 551(13) defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id.*

law [or found to be] without observance of procedure required by law." 5 U.S.C. § 706(2). Interpreting 5 U.S.C. § 706(2), the Eleventh Circuit added: "the arbitrary and capricious standard gives an appellate court the *least* latitude in finding grounds for reversal; '[a]dministrative decisions should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute.'" *Rice*, 85 F.3d at 542 (alterations in original) (quoting *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1539 (11th Cir. 1990)). The arbitrary and capricious standard requires an agency to demonstrate that there was "no rational basis for the decision." *Tackitt v. Prudential Ins. Co. of Am.*, 758 F.2d 1572, 1575 (11th Cir. 1985).

Here, the Court does not find that changing the date of the credible fear worksheet, and holding the credible fear determination review hearing sixteen days after the original determination, are arbitrary or capricious decisions. First, Petitioner cites to no authority that the re-dating of the credible fear worksheet was impermissible. A review of the relevant statutes, 8 U.S.C. § 1225(b)(1)(B) and 8 C.F.R. § 1003.42, does not show that the re-dating was forbidden. Moreover, just as the Government contends, there was a rational basis for the decision, to allow the Petitioner to have a new hearing before the Immigration Judge. As a result, the second hearing held before the Immigration Judge was technically within the required seven days. Notably, even assuming these two actions by the Miami Asylum Office and Immigration Judge were somehow in error, they do not rise to the level of a "substantial procedural" mistake meriting reversal. *Rice*, 85 F.3d at 542. Ultimately, in accordance with the spirit of section 1225(b)(1)(B)(iii)(III), Petitioner received a *de novo* review of his credible fear determination shortly after the determination took place. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(III) ("Such review shall include an opportunity for the alien to be heard and questioned by the immigration judge . . . ."). Whether that was within seven days or sixteen days, the end result is the same.

## III. CONCLUSION

Based on the foregoing, the Court lacks jurisdiction under sections 1252(e)(2) and 1252(e)(5) to consider Petitioner's claims. Petitioner cannot attack these jurisdiction-stripping provisions by way of the Suspension Clause because he has no rights to do so pursuant to *Castro*. Regardless, even if this Court were to consider his claims, they do not have a substantial likelihood of success on the merits. The alleged errors by the Miami Asylum Office and Immigration Judge do not violate Petitioner's due process rights. As for his Administrative Procedure Act claims, they fail as the Court's review of the agency actions is exceedingly deferential.

Accordingly, the instant emergency motion to stay removal is DENIED. Further, the Motion for Temporary Stay of Removal Pending Adjudication of the Emergency Stay, filed on **August 5, 2019**, is DENIED as MOOT. The present case is DISMISSED and the case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of August 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record